# Posey *v.* The State.

### *Throwing Missile at Train.*

(Decided February 4, 1915.  67 South. 737.)

1. *Railroads; Throwing Missile at Train; Indictment.*—An indictment charging that a named defendant wantonly and maliciously threw or cast a bottle, calculated to produce death or great bodily harm, into a locomotive or passenger train of a railroad, in or on which locomotive there was a human being, was sufficient under section 7675, Code 1907.

2. *Same; Evidence.*—Evidence that the negro fireman had a rock and said it was what the engineer was hit with, made in the presence of the engineer, but not under oath, was hearsay and incompetent to show that the engineer was in fact hit with a rock.

3. *Appeal and Error; Harmless Error; Pleading.*—Where a defendant was convicted under another and a sufficient count in an indictment, any error in overruling demurrers to other counts was harmless to the defendant.

4. *Same; Evidence.*—Where a witness, sought to be impeached, is impeached by his own testimony, the exclusion of impeaching evidence is harmless.

5. *Witnesses; Impeachment.*—Where a fireman had not been introduced as a witness and was not afterwards introduced as a witness for the State, the evidence as to what he had said about a rock hitting the engineer was not rendered competent for impeachment.

APPEAL from Cleburne Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Tom Posey was convicted of throwing missiles at a train, and he appeals. Affirmed.

Omitting formal charging part, the said count is as follows: Tom Posey wantonly or maliciously threw or cast a bottle, calculated to produce death or great bodily harm, into a locomotive or a passenger train of a railroad train of the Seaboard Air Line Railway, a railroad, in or on which locomotive there was a human being, etc.

MERRILL and WALKER, for appellant. No brief reached the reporter.

WILLIAM L. MARTIN, Attorney General and J. P. MUDD, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was found guilty under count 3 of the indictment, which the reporter will set out, and which was good count, the indictment being predicated on section 7675 of the Code of 1907.

Whether, therefore, the other two counts, 1 and 2, were sufficiently specific in their allegations to prevail against the demurrer, we need not and do not consider; since if the court was in error in overruling the demurrer to these counts it was error without injury, as the defendant was, as stated, convicted under the said third count.

In support of the count there was evidence tending to show that the defendant threw a bottle, as alleged in the count, into a passing train, which struck the engi-

neer, Kennedy, while in his cab, inflicting serious injuries; that the engineer did not himself know what kind of a missile it was with which he was struck, as it did not fall in the cab, but rebounded to the ground after it struck him; and that at the next stop, Borden Springs, he got off for treatment, and surrendered there the engine to another engineer.

The defendant was allowed without objection to prove by one of his witnesses that when the engineer disembarked at the station mentioned he, in reply then to a question there propounded by some one, answered that he had been hit on the shoulder with a rock. Immediately following this statement of the witness the bill of exceptions contains this recital: "Thereupon defendant's counsel asked the witness this question: Q. Did he exhibit the rock? A. No, sir; the negro fireman had a rock, and said it was what he was hit with. Q. Was Mr. Kennedy [the engineer] present when the negro fireman said it was the rock he was hit with? A. Yes, sir."

The court ruled out, on motion of the solicitor, this evidence as to what the negro fireman said and did, which action of the court was not improper. Such evidence was certainly not competent, either for the purpose of showing that the engineer was in fact hit with a rock, as the fireman's statement to this effect at the time and not made under oath was pure hearsay on this trial, or for the purpose of impeaching the fireman, as the fireman had not then, nor even afterwards, been introduced as a witness by the state. If it may be said, which we need not decide, that it tended negatively to impeach the engineer himself, in that he failed to deny the statement of the fireman, made in his presence, to the effect that he, the engineer, had been hit with a rock, it may be answered that the testimony of the witness

had already shown, if believed, and which went in and remained in without objection, that the engineer had positively impeached himself by affirmatively stating at that time, in reply to a direct question from some one, that he had been hit with a rock. However viewed, therefore, the action of the court in the particular mentioned constitutes no cause for reversal.

The three other rulings of the court on evidence, made the basis of several exceptions, are deemed by counsel of such little importance as to have called forth no brief from them, and as they are so clearly free from error upon principles and precedents long settled and often discussed, it could serve no valuable purpose to prolong this opinion by discussing them here. There were no written charges refused, and none, therefore, presented for review.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.